IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2015 SEP 25 PM 2:00

| | |
|---|---|
| CHRISTOPHER DECKER ) | |
| plaintiff ) | Case No. |
| -v- ) | Hon. 4:15CV3113 |
| SCOTT FRAKES, MARIO PEART, ) | |
| RELIGIOUS STUDIES COMMITTEE ) | CIVIL RIGHTS COMPLAINT |
| MEMBERS, JEFF MILLER ) | 42 U.S.C. § 1983 |
| defendants ) | (Jury Trial Demanded) |

INTRODUCTION

This is a civil rights action filed by Christopher Decker, a state prisoner, alleging substantial burdening of his free exercise of religion, and establishment of religion, and retaliation for petitioning the government for redress of grievan- under the First Amendment of the United States Constitution and denial of equal protection under the law of the Fourteenth Amendment of the United States Constitution.

JURISDICTION

1. The Court has jurisdiction over the plaintiff's claims of violations of federal constitutional rights under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 2000cc et. seq.

PARTIES

2. The plaintiff, Christopher Decker, was incarcerated at the Lincoln Correctional Center (LCC) during the events described in this complaint.

3. Defendant Scott Frakes is the director of the Nebraska Department of Correctional Services (NDCS) an is responsible for approving, implementing, and enforcing all NDCS policy and procedure as well as reviewing all administrative appeals of the grievances filed by NDCS inmates. He is sued in his individual and official capacities.

4. Defendant Mario Peart is the warden at LCC and is in charge of implementing and enforcing all NDCS policies and procedures at LCC as well as reviewing all administrative appeals of grievances filed by LCC inmates. He is sued in his official and individual capacities.

5. Defendant(s) Religious Studies Committee Members are a committee responsible for reviewing requests for religious accomodations from NDCS inmates and promulgating

1

religious rules and policies for NDCS Whose names are presently unknown to the plaintiff. They are sued in their individual and official capacities.

6. Defendant Jeff Miller is the religious coordinator at LCC and is responsible for implementing and enforcing all NDCS religious policies and procedures at LCC. He is sued in his Official and individual capacities.

7. All the defendants have acted, and continue to act, under color of state law at all time relevant to this complaint.

## FACTS OF THE CASE

8. Plaintiff Decker has practiced the Asatru religion sincethe year 2000 at the NDCS facilities of the Diagnostic and Evaluation Center and LCC.

9. Plaintiff Decker has declared Asatru to be his religion of preference in a manner consistent with NDCS regulations.

10. On November 11, 2014, the plaintiff received a memo from defendant Miller stating that the Asatru worship time would be reduced from 120 minutes to 60 minutes beginning December 1, 2014.

11. On December 7, 2014, the plaintiff attended the first Asatru worship service that was limited to 60 minutes.

12. Plaintiff's Asatru religious worship practices have been modified to omit essential worship elements to fit within the 60 minute Asatru worship time. These omissions cause the Asatru worship service to be incomplete.

13. On January 5, 2015, defendant Miller informed plaintiff that the Asatru faith group would be limited to 3 pieces of wood for their sacred fire per week. He informed the plaintiff that this limitation was in response to grievances filed by the plaintiff about staff requiring the extinguishment of the Asatru sacred fire.

14. Plaintiff has submitted proposals to defendants Religious Studies Committee Members on what the Asatru faith group's religious needs are as they relate to the worship service elements and times required to perform each element, and the need for adequate sacred fire with an Asatru worship service. These proposals also contained reasons why the current NDCS policy for Asatru worship services was inadequate.

15. Plaintiff has been told in response to his grievances about the restrictions placed on his Asatru faith that these new restrictions were to "ensure that faith groups at all NDCS facilities received equal space and time."

16. Plaintiff's grievances and proposals have not changed any of NDCS's restrictions on the Asatru worship times, set-up times, nor wood limitations.

17. The Native American faith group receives 90 minutes to set-up for worship services, 120 minutes for their worship services, and no limitations on the amount of wood used for their sacred fires.

18. Plaintiff, on information and belief, believes that the Native American faith group has not been required by NDCS to define what their requirements for a satisfactory religious service are, how much time is required for a satisfactory religious service are, nor the amount of wood needed for their sacred fires.

19. Defendants Frakes, Peart, Religious Studies Committee Members, and Miller has given plaintiff no valid reasons for this disparate treatment.

20. Plaintiff has no alternative means of practicing his Asatru religion that are satisfactorily consistent with his religious beliefs. Plaintiff has been stripped of the means to practice his religion as he has been accustomed to.

21. On information and belief, plaintiff believes NDCS will incur no additional costs by granting plaintiff relief on all claims.

22. The plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

## Claims for Relief

23. The actions of defendants Frakes, Peart, Religious Studies Committee Members, and Miller in restricting the Plaintiff's religious practices, without justification, has caused a substantial burden on his free exercise of religion in violation of the First Amendment of the United States Constitution.

24. The actions of defendants Frakes, Peart, Religious Studies Committee Members, and Miller in singling out the Native American religious group for preferential treatment over the plaintiff's Asatru faith constitutes establishment of religion in violation of the First Amendment of the United States Constitution.

25. The actions of defendants Frakes, Peart, Religious Studies Committee Members, and Miller in imposing further restrictions on the plaintiff's religious practices in retaliation for redressing his grievances is in violation of the First Amendment of the United States Constitution.

26. The Actions of defendants Frakes, Peart, Religious Studies Committee Members, and Miller in denying plaintiff access to adequate religious activities while granting the Native American religious group is discriminatory on the basis of religion in violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution.

## Relief Requested

WHEREFRORE, plaintiff requests that the Court grant the following relief:

A. Issue a declatory judgement stating that:

1. The substantial burden on the free exercise of the plaintiff's religious practices by defendants Frakes, Peart, Religious Studies Commitee Members, and Miller violated the plaintiff's rights under the First Amendment of the United States Constitution and state defendant's duties with respect to those rights.

2. The establishment of religion by defendants Frakes, Peart, Religious Studies Committe Members, and Miller constituted a violation of the plaintiff's rights under the First Amendment of the United States Constitution and states the defendant's duties with resect to those rights.

3. The retaliation for the plaintiff's filing for a redress of grievances by defendants Frakes, Peart, Religious Studies Committee Members, and Miller violated the plaintiff's rights under the First Amendment of the United States Constitution.

4. The denial of equal protection under the law by defendants Frakes, Peart, Religious Studies Committee Members, and Miller violated the defendant's rights under the Fourteenth Amendment of the United States Constitution and state the defendant's duties with resect to those

4

rights.

B. Issue an injunction ordering the defendants to:
1. Restore the Asatru worship time to 120 minutes.
2. Restore the Asatru set-up for worship services time to 30 minutes.
3. Remove the 3 pieces of wood limitation for the Asatru worship group's sacred fire.
4. Create policies to allow for the approval of all reasonable requests for religious accomodation.
5. Approve all reasonable requests for religious accommodation.

C. Award compensatory damages in the following amounts:
1. $100,000 jointly and severally against defendants Frakes, Peart, Religious Studies Committee Members, and Miller for depravation of liberty and amenity, and injury resulting from their denial of equal protection under the law, substantially burdening the plaintiff's right to freely exercise his religion, the establishment of religion, and retaliation for petitioning the government for the redress of grievances.

D. Award punitive damages in the following amounts:
1. $50,000 each against defendants Frakes, Peart, Religious Studies Committee Members, and Miller.

E. Grant such other relief as it may appear that the plaintiff is entitled.

Declaration

CHRISTOPHER DECKER states:

I am the plaintiff in the above-entitled action. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the fore-

going is true and correct.

Dated this 22nd day of September, 20 15.


Respectfully submitted,

*[signature]*

Christopher Decker, pro se

P.O. Box 22800

Lincoln, NE 68542-2800

Inmate Name: Christopher Decker
Inmate #: 53622
P.O. Box 22800
Lincoln, NE 68542-2800

Notice: This correspondence was mailed from an institution operated by the Nebraska Department of Corrections. Its contents are uncensored.

Clerk of the U.S. District Court
100 Centennial Mall North, Room 593
Lincoln, NE 68508

= Privileged Mail =

RECEIVED
SEP 25 2015
CLERK
U.S. DISTRICT COURT
LINCOLN