IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CHRISTOPHER DECKER, | ) | 4:15CV3113 |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| SCOTT FRAKES, MARIO PEART, RELIGIOUS STUDIES COMMITTEE MEMBERS, and JEFF MILLER, | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff Christopher Decker's Complaint (Filing No. 1). For the reasons discussed below, the court finds that this case may proceed to service of process as to Decker's equal-protection and retaliation claims against one of the defendants, Jeff Miller. All other claims against all other defendants will be dismissed without prejudice to reassertion.

## I. SUMMARY OF COMPLAINT

Decker is currently incarcerated at the Lincoln Correctional Center ("LCC"). His claims are based on incidents that occurred in Lincoln, Nebraska, at the LCC. (Filing No. 1 at CM/ECF p. 1.) He filed his Complaint against several employees of the LCC and the Nebraska Department of Correctional Services. Each defendant is sued in his official and individual capacities. (*Id.* at CM/ECF pp. 1-2.)

Decker generally alleges that the defendants have violated his religious rights in violation of the First and Fourteenth Amendments. (*Id.*) Liberally construing Decker's allegations, he also alleges claims of retaliation and equal protection violations, as well as violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

Decker is a member of the Asatru religion and has been practicing this religion since the year 2000. (*Id.* at CM/ECF p. 2.) On November 11, 2014, LCC's religious coordinator, Defendant Jeff Miller, sent Decker a memorandum stating that the Asatru worship time was to be reduced from 120 minutes to 60 minutes beginning December 1, 2014. As a result, Decker has had to "modif[y]" his worship practices "to omit essential worship elements." These omissions "cause the Asatru worship service to be incomplete." (Filing No. 1 at CM/ECF p. 2.)

On January 5, 2015, Miller informed Decker that the Asatru members would also be limited to three pieces of wood for their weekly sacred fire. (*Id.*) Miller stated the limitation "was in response to grievances filed by [Decker] about staff requiring the extinguishment of the Asatru sacred fire." (Filing No. 1 at CM/ECF p. 2.) Decker alleges a religious group with similar needs, the Native American faith group, does not face the same restrictions and limitations as the Asatru faith group. (Filing No. 1 at CM/ECF p. 3.)

For relief, Decker seeks both injunctive relief and monetary damages including punitive damages. (*Id.* at CM/ECF pp. 4-5.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF COMPLAINT

**A.    RLUIPA and First Amendment**

Decker's Complaint does not state an RLUIPA or First Amendment claim upon which relief may be granted. The Supreme Court recently discussed the standard applicable to claims under RLUIPA in *Holt v. Hobbs*:

3

> Section 3 [of RLUIPA]—the provision at issue in this case—governs religious exercise by institutionalized persons, § 2000cc-1. Section 3 . . . provides that '[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.' § 2000cc-1(a).

[135 S. Ct. 853, 860 (2015)](.).

Here, Decker alleged Miller reduced the Asatru worship time from 120 minutes to 60 minutes. This reduction in worship time forced Decker to "omit essential worship elements" from the service, which caused his "worship service to be incomplete." These allegations are conclusory and do not explain how Decker's exercise of religion has been *substantially burdened*. In other words, Decker did not explain what worship elements were omitted from the service and how the omission of these worship elements substantially burdened his exercise of religion. For these reasons, the court finds Decker has not stated a claim under RLUIPA. Similarly, his First Amendment claim also fails because he has not alleged a substantial burden on his religious exercise. See *[Van Wyhe v. Reisch](#)*, [581 F.3d 639, 658 (8th Cir. 2009)](#) (citing *[Patel v. United States Bureau of Prisons](#)*, [515 F.3d 807, 813 (8th Cir. 2008)](#)).

The court will dismiss Decker's RLUIPA and First Amendment claims without prejudice to reassertion in an amended complaint.

**B.     Equal Protection**

Decker's Complaint states a plausible equal protection claim against Defendant Jeff Miller. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the

laws." U.S. Const. amend. XIV, § 1. The clause essentially directs "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must establish that he was treated differently from others similarly situated to him. *Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998).

Here, Decker alleged Miller reduced the Asatru worship time from 120 minutes to 60 minutes and limited members to three pieces of wood per week for their sacred fire. Conversely, Miller placed no limitation on the amount of wood the Native American faith group may use for their sacred fire, and they are allowed a 120-minute worship service, with an additional 90 minutes to set up for their service. Based on these allegations, Decker has sufficiently alleged he was treated differently from others similarly situated to him. Accordingly, the court finds Decker may serve Miller with process. The court cautions Decker that this is only a preliminary determination based on the allegations in the Complaint. It is not a determination of the merits of Decker's claims or any defenses that may be raised in response to the claims.

Decker's equal-protection claims may not proceed to service of process against any of the other named defendants. Decker did not allege any of the other named defendants were personally involved in the incidents underlying his equal-protection claim. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)). Moreover, to the extent Decker alleges Defendants Frakes and Peart are liable as prison supervisors, his claims fail because *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (finding that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability).

## C.     Retaliation

Decker's Complaint also states a plausible retaliation claim against Miller. To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, the plaintiff must show (1) he engaged in protected activity; (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (citing *Naucke v. City of Park Hills*, 284 F.3d 923, 927-28 (8th Cir. 2002)). Further, "[t]o prevail in an action for First Amendment retaliation, [a plaintiff] must show a causal connection between [the defendant's] retaliatory animus and [the plaintiff's] subsequent injury." *Kilpatrick v. King*, 499 F.3d 759, 767 (8th Cir. 2007) (citing *Hartman v. Moore*, 547 U.S. 250 (2006)).

Here, Decker alleged Miller limited Asatru members to three pieces of wood per week for their sacred fire. He imposed the limitation "in response to grievances filed by [Decker] about staff requiring the extinguishment of the Asatru sacred fire." (Filing No. 1 at CM/ECF p. 2.) The filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity. *Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994). Decker's allegations plausibly suggest Miller took an adverse action against Decker in response to Decker's filing of a grievance. Therefore, Decker has alleged a plausible claim for retaliation against Miller. Again, the court cautions Decker that this is only a preliminary determination based on the allegations in the Complaint. It is not a determination of the merits of Decker's claims or any defenses that may be raised in response to the claims.

## IV. MOTION TO APPOINT COUNSEL

Plaintiff has filed a Motion to Appoint Counsel (Filing No. 3). The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir.

1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

## V. MOTION FOR TEMPORARY RESTRAINING ORDER

Decker filed a Motion for Temporary Restraining Order (Filing No. 13). He asks for an order prohibiting the defendants from disposing of, or otherwise destroying, any discoverable items. The court will deny Decker's motion.

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Decker's motion. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id.* at 114.

Failure to show irreperable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987).

Decker has not demonstrated he faces a threat of irreparable harm. Decker alleged the defendants "have a routine practice of destroying materials [he] will need to prove his claims." (Filing No. 15 at CM/ECF p. 1.) But, he did not identify what materials he seeks or demonstrate that the defendants are likely to destroy the materials. That is, the suggested threat of harm is merely speculative.

7

Because Decker has not shown he faces a threat of irreparable harm, the court will deny his request for a temporary restraining order.

IT IS THEREFORE ORDERED that:

1. Decker's Motion to Appoint Counsel (Filing No. 3) and Motion for Temporary Restraining Order (Filing No. 13) are denied without prejudice.

2. This case may proceed to service of process as to Decker's equal-protection and retaliation claims against Jeff Miller in his individual and official capacities. All other claims against all other defendants are dismissed without prejudice to reassertion in an amended complaint.

3. The clerk of the court is directed to send to Decker a copy of the Complaint, a copy of this Memorandum and Order, and two summons forms and two USM 285 Forms for service on Miller in his individual and official capacities. (*See* attached Notice Regarding Service.)

Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Decker is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. (*See* this court's General Order No. 2015-06.)

4. If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Decker. In making such a request, Decker must complete the USM 285 forms to be submitted to the clerk of the court with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons forms and forward them to the United States Marshal for service on Miller, together with a copy of the Complaint

5. The clerk of the court is directed to set the following pro se case management deadline: June 2, 2016, check for completion of service of process.

DATED this 3rd day of February, 2016.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

**Notice Regarding Federal Rule of Civil Procedure 4**

[Federal Rule of Civil Procedure 4](#) requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. [Federal Rule of Civil Procedure 4(e)](#) governs service of process on an individual (*i.e.*, your individual capacity claim). [Federal Rule of Civil Procedure 4(j)](#) governs service of process on a state (*i.e.*, your official capacity claim).

In this case, Rule 4(e) and (j) mean copies of the summons and complaint must be served on: (1) the defendant individually; and also (2) the Nebraska Attorney General's Office or the chief executive officer for the State of Nebraska.

You may ask the United States Marshal to serve process, as described in the court's order, because you are proceeding in forma pauperis.