IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER DECKER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:15CV3113 |
| | ) | |
| V. | ) | |
| | ) | |
| SCOTT FRAKES, MARIO PEART, | ) | **MEMORANDUM** |
| RELIGIOUS STUDIES COMMITTEE | ) | **AND ORDER** |
| MEMBERS, and JEFF MILLER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff's Motion for Leave to File an Amended Complaint. (Filing No. 31.) The motion will be granted.

## BACKGROUND

Plaintiff, who is currently incarcerated at the Lincoln Correctional Center ("LCC"), initiated this action on September 25, 2015. Plaintiff's Complaint named Scott Frakes, Mario Peart, "Religious Studies Committee Members," and Jeff Miller as defendants. Defendants were sued in their official and individual capacities. (Filing No. 1.) Plaintiff sought injunctive relief and monetary damages. (Filing No. 1 at CM/ECF pp. 4-5.)

The claims set forth in the Complaint were based on incidents that occurred in Lincoln, Nebraska, at the LCC. (Filing No. 1 at CM/ECF p. 1.) Plaintiff generally alleged that the defendants violated his religious rights in violation of the First and Fourteenth Amendments. (*Id.*) He also alleged retaliation and equal protection violations, as well as violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

The Complaint alleged that Plaintiff is a member of the Asatru religion and has been practicing this religion since the year 2000. (Filing No. 1 at CM/ECF p. 2.) On November 11, 2014, LCC's religious coordinator, Defendant Jeff Miller, sent Plaintiff a memorandum stating that the Asatru worship time was going to be reduced from 120 minutes to 60 minutes beginning December 1, 2014. As a result, Plaintiff had to "modif[y]" his worship practices "to omit essential worship elements." These omissions "cause[d] the Asatru worship service to be incomplete." (Filing No. 1 at CM/ECF p. 2.)

Plaintiff alleged that on January 5, 2015, Miller informed Plaintiff that the Asatru members would also be limited to 3 pieces of wood for their weekly sacred fire. (*Id.*) Miller stated the limitation "was in response to grievances filed by [Plaintiff] about staff requiring the extinguishment of the Asatru sacred fire." (Filing No. 1 at CM/ECF p. 2.) Plaintiff alleged a religious group with similar needs, the Native American faith group, did not face the same restrictions and limitations as the Asatru faith group. (Filing No. 1 at CM/ECF p. 3.)

The court conducted an initial review of Plaintiff's Complaint on February 3, 2016. (Filing No. 17.) The court found that Plaintiff failed to state RLUIPA and First Amendment claims upon which relief could be granted. In so finding, the court reasoned that Plaintiff's allegations were conclusory and "did not explain what worship elements were omitted from the service and how the omission of these worship elements substantially burdened his exercise of religion." (Filing No. 17 at CM/ECF p. 4.) Similarly, the court found that Plaintiff's First Amendment claim failed because Plaintiff did not allege a substantial burden on his religious exercise. (*Id.*)

The court also concluded that Plaintiff's Complaint failed to state cognizable equal-protection and retaliation claims against Frakes, Peart, and Religious Studies Committee Members. The court found that Plaintiff had not alleged that any of these defendants were personally involved in the incidents underlying his claims. Further, the court found that to the extent Plaintiff alleged that Frakes and Peart were liable as prison supervisors, his claims failed because *respondeat superior* is not a basis for liability

2

under 42 U.S.C. § 1983.  The court dismissed the claims against these defendants without prejudice to reassertion in an amended complaint.

The court did, however, find that Plaintiff had alleged plausible equal protection and retaliation claims against Defendant Miller.  Accordingly, these claims were allowed to proceed to service of process against Miller in his individual and official capacities. Miller was subsequently served and filed an answer to the Complaint on April 15, 2016. (Filing No. 28.)

## DISCUSSION

Plaintiff has requested leave to file an amended complaint.  Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15.  Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." Amrine v. Brooks, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted).  Whether to grant a motion for leave to amend is within the sound discretion of the district court. Popoalii v. Corr. Med. Servs, 512 F.3d 488, 497 (8th Cir. 2008).

Plaintiff's proposed amended complaint reasserts the causes of action set forth in the original Complaint.  Again, the defendants are named in their official and individual capacities.  Plaintiff continues to seek monetary and injunctive relief.  However, the amended complaint includes far more detailed allegations than the original Complaint. (Filing No. 31-1.)

With respect to his RLUIPA and First Amendment claims, Plaintiff describes the parts of his worship service in detail and identifies the specific portions of the worship service that must be omitted or modified given the new time restrictions.  Plaintiff also explains why each of the omitted or modified portions of the service are fundamental to

his faith.  He alleges that his practices "have been substantially burdened" and that the required changes have caused his "worship service to be incomplete."  (Filing No. 31-1 at CM/ECF p. 4.)

Plaintiff further alleges that he submitted proposals to the Religious Studies Committee about the restoration of his worship time and about lifting the wood burning limitation.  Plaintiff alleges that the Committee is responsible for reviewing requests for religious accommodations and promulgating religious rules and policies.  Plaintiff maintains that the Committee recommended that his proposals be denied, and that Frakes adopted the Committee's recommendation.  Thereafter, Plaintiff filed grievances using LCC's three-step grievance procedure.  Plaintiff suggests that the grievances were reviewed by Peart and Frakes, who are allegedly responsible for adopting and approving policies at LCC.  Plaintiff's grievances were ultimately denied.

The court finds that Plaintiff has shown good cause to file an amended complaint. Further, having reviewed the amended complaint, and out of an abundance of caution, the court will allow Plaintiff's RLUIPA, First Amendment, and equal-protection claims, as set forth in the amended complaint, to proceed to service of process against all defendants.  Plaintiff's amended complaint sufficiently sets forth these causes of action and suggests that each defendant was aware of, and was personally involved in, the decision to reduce or otherwise restrict Plaintiff's worship.  *See Gibbens v. Sabatka-Rine*, No. 4:07CV3246, 2008 WL 3893366, *2 (D. Neb. Aug. 20, 2008) ("[W]here a plaintiff alleges that a warden or other supervisor is responsible for the overall operation of an institution and was fully aware of the alleged constitutional violations, the claims should not be dismissed") (quotation omitted).  However, as the court ruled previously, Plaintiff's retaliation claim will only be permitted to proceed against Miller.  The amended complaint does not suggest that the other defendants were involved in any retaliatory conduct or that these defendants were aware that the restrictions placed upon Plaintiff were the result of Plaintiff's earlier grievances.

The court cautions Plaintiff that the court's allowance of his amended complaint

4

to proceed to service of process should not be construed as a determination of the merits of his claims or any defenses that may be raised in response to the claims.

The court notes that Plaintiff's amended complaint identifies certain defendants only as "Religious Studies Committee Members." Although a complaint must include the names of all the parties, "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention." *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). The allegations pertaining to the Religious Studies Committee Members are specific enough to allow Plaintiff to ascertain their names through discovery. Therefore, the court will give Plaintiff 30 days to take reasonable steps to identify the Religious Studies Committee Members and notify the court of their names, after which the court will send Plaintiff the documents necessary to initiate service of process on these defendants.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Motion for Leave to File an Amended Complaint (Filing No. 31) is granted.

2.  Plaintiff shall re-file his proposed amended complaint (Filing No. 31-1) by August 31, 2016. The amended complaint shall supersede the original Complaint and be the operative pleading in this action.

3.  The clerk of court is directed to set the following pro se case management deadline: August 31, 2016, check for amended complaint.

4.  Miller shall respond to Plaintiff's amended complaint within fourteen days after its submission, unless an extension of time is obtained.

5.      Once the amended complaint is filed, this case may proceed to service of process as to Plaintiff's RLUIPA, First Amendment, and equal-protection claims against Defendants in their individual and official capacities. Plaintiff's retaliation claims may only proceed against Miller in his individual and official capacities.

6.      The clerk of the court shall send Plaintiff two copies of the amended complaint, two copies of this Memorandum and Order, four summons forms, and four USM 285 Forms for service on Defendants Scott Frakes and Mario Peart in their individual and official capacities. (*See* attached Notice Regarding Service.)

7.      Within 30 days of this order, Plaintiff shall identify the members of the Religious Studies Committee and supply the members' names to the court. After which, the court will send Plaintiff the documents necessary to initiate service of process on these defendants.

8.      The clerk of court is directed to set the following pro se case management deadline: August 31, 2016, check for identification of unknown defendants and supply service forms.

9.      Federal Rule of Civil Procedure 4(m) requires service of a complaint upon a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

10.     If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees. In making such a request, Plaintiff must complete the USM 285 forms to be submitted to the clerk of the court with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt

6

of the completed forms, the clerk of the court will sign the summons forms and forward them to the United States Marshal for service on Defendants, with copies of the amended complaint.

11.     Plaintiff's Motion to Amend Progression Order (Filing No. 38) is granted. An amended progression order will be issued following completion of service of the amended complaint.   The clerk of court is directed to terminate the deadlines set forth in the current progression order (Filing No. 29).   The Final Pretrial Conference is continued, and will be rescheduled in the amended progression order.

12.     The clerk of court is directed to set the following pro se case management deadline: November 29, 2016, check for completion of service of process and issue progression order.

DATED this 2nd day of August, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

7

**Notice Regarding Federal Rule of Civil Procedure 4**

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. Federal Rule of Civil Procedure 4(e) governs service of process on an individual (*i.e.*, your individual capacity claim).    Federal Rule of Civil Procedure 4(j) governs service of process on a state (*i.e.*, your official capacity claim).

In this case, Rule 4(e) and (j) mean copies of the summons and complaint must be served on: (1) the defendant individually; and also (2) the Nebraska Attorney General's Office or the chief executive officer for the State of Nebraska.

You may ask the United States Marshal to serve process, as described in the court's order, because you are proceeding in forma pauperis.

8